OPINION OF THE COURT
Philip S. Straniere, J.
The plaintiff moves for an order granting a preliminary injunction pending a trial of the action. The plaintiff seeks to enjoin the defendant, Malayalee Association of Staten Island, a *103 not-for-profit organization, and its executive committee from transferring power pursuant to recent elections and expending the assets of the association. Plaintiff’s complaint alleges that the defendants held defective elections in violation of the association’s by-laws and, as a result, plaintiff has been damaged.
Plaintiff’s motion is denied and his action is dismissed. The Civil Court, a court of limited jurisdiction, obtains its powers from the New York State Constitution and the New York Civil Court Act. Article VI, § 15 of the New York Constitution establishes the general parameters of the Civil Court’s jurisdiction, stating that it shall have City-wide jurisdiction over actions and proceedings for the recovery of money and chattels, the foreclosure of mechanic’s liens and liens on personal property, where the amount sought to be recovered or the value of the property is not in excess of $25,000. The court has jurisdiction over summary proceedings to recover possession of real property, to remove tenants and “over such * * * actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.” (NY Const, art VI, § 15 [b].) The Constitution also provides that the Civil Court “shall further exercise such equity jurisdiction as may be provided by law.” (NY Const, art VI, § 15 [b].)
The limits of the court’s jurisdiction are more specifically delineated in the Civil Court Act, CCA 201 et seq., which contain an amplification of the jurisdictional powers set forth in the New York Constitution. Under these sections, the equity jurisdiction of the court is stringently limited and does not include the power to render a finding with respect to the corporate activities of a not-for-profit corporation. Such corporations are governed largely by the Not-For-Profit Corporation Law. N-PCL 618, entitled “Power of supreme court respecting elections,” states that: “Upon the petition of any member aggrieved by an election and upon notice to the persons declared elected thereat, the corporation and such other persons as the court may direct, the supreme court at a special term held within the judicial district where the office of the corporation is located shall forthwith hear the proofs and allegations of the parties, and confirm the election, order a new election, or take such other action as justice may require.” As further indicated in the Practice Commentaries, “This section sets out the authority of the New York supreme court to oversee elections” and as such, “the court sits in equity.” (Wyckoff, Practice Commentaries, McKinney’s Cons Laws of NY, Book 37, Not-For- *104 Profit Corporation Law § 618, at 245.) Therefore, questions concerning such corporate elections are reserved for the Supreme Court and the Civil Court lacks jurisdiction over such matters.
Additionally, the court, in examining plaintiffs affidavit of service, finds that the individual defendants have not been properly served with the summons and complaint in accordance with the mandates of CPLR 308. Plaintiff has not personally served the defendants, or a person of suitable age and discretion on behalf of each, or effectuated proper substituted service. The affidavit of service indicates that one individual was served on behalf of the nine defendants at an address which appears to be neither the residence nor the workplace of each defendant.
Accordingly, plaintiffs motion is denied and the action is dismissed.